Filed 8/6/26  N.S. v. Superior Court CA4/1

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| N.S.,<br><br>          Petitioner,<br><br>     v.<br><br>THE SUPERIOR COURT OF IMPERIAL COUNTY,<br><br>          Respondent;<br><br>IMPERIAL COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>          Real Party in Interest. | D088004<br><br>(Imperial County Super. Ct. No. JJP001383) |

PROCEEDINGS for extraordinary relief after reference to a Welfare and Institutions Code section 366.26 hearing.  Michael Domenzain, Judge. Petition denied; request for stay denied.

Wendy Miller for Petitioner.

Geoffrey P. Holbrook, County Counsel, Mistelle Abdelmagied, Assistant County Counsel, and Kelly Ranasinghe, Counsel, for Real Party in Interest Imperial County Department of Social Services.

A.A.'s mother, N.S., filed a petition for extraordinary writ under California Rules of Court, rule 8.452,[1] seeking review of a juvenile court order terminating reunification services after 24 months and setting a hearing under Welfare and Institutions Code section 366.26.[2] Mother contends she successfully completed all required programs and demonstrated compliance with the requirements imposed by Imperial County Department of Social Services (Department). We summarily deny the petition because it does not comply with rule 8.452, and we deny the request for a stay of the proceedings.

DISCUSSION

Rule 8.452(a)(1)(3) requires a petition to be accompanied by a memorandum. The memorandum "must provide a summary of the significant facts," state each point under a separate heading that summarizes the point, support points with argument and citation to authority, and support references to matters in the record with record citations. (Rule 8.452(b)(1)-(3).) Mother's petition is not accompanied by a memorandum. Her summary of the significant facts, contained in the petition, consists of two sentences: "As reported in the March 4, 2026 report, Mother successfully completed all required programs and demonstrated compliance with the department's requirements, there was zero evidence presented of any behavior to place the minor at risk, merely that Mother hadn't 'taken accountability.' . . . As a result, services were terminated and a § 366.26

---

[1]     Rule references are the California Rules of Court.

[2]     Statutory references are to the Welfare and Institutions Code.

hearing was set for August 12, 2026." The summary includes a single record citation.

"When a rule 8.452 petition is filed, the attorney is obligated to submit an adequate petition. (*Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570, 583.) The petition must summarize the factual basis for the petition, reference specific portions of the record, and attach a memorandum that offers argument and citation to authority. (*Ibid*; rule 8.452(b).) This petition does none of this.

The petition contains no summary of significant facts. It comments that Mother completed the required programs. But this ignores significant facts. For example, the petition does not explain that A.A. was removed from Mother's custody in part because there was an active restraining order against the presumed father, and Mother failed to protect A.A. from ongoing domestic violence. Nor does it acknowledge that after 18 months of services, the Department described Mother's behavior as unpredictable because of Mother's underage alcohol use and her minimization of its effects. The petition also does not disclose that Mother took A.A. to unapproved locations, including Mexico, during visits, raising concerns she might abscond with the child.

The record citation directs us to a March 4, 2026 status review report. That report acknowledges Mother was "progressing in her court ordered services and visiting [A.A.] consistently," but it also states there was "minimal evidence" to prove Mother would be able to protect A.A. from domestic violence because she "continue[d] to engage in behaviors that pose safety concerns," and she provided inconsistent information about her contact with the presumed father despite an active restraining order. The citation provides support for Mother's claim only in the barest sense that the fact

3

appears on the cited page of the record.  It is an incomplete representation of what occurred and why the court terminated services.

The petition also fails to make any legal argument explaining why the court erred by finding Mother's behavior placed A.A. at risk.  It focused on the Department's statement that Mother did not take accountability, but it did not challenge the Department's explanation that Mother's risky behavior included "involving herself with the child's father," showing she was not integrating the skills and knowledge gained from participation in services into her daily life.  No attached memorandum supplies us with analysis or otherwise substantively addresses a material issue.

Because the petition is substantively deficient, we deny it.  (*Anthony D. v. Superior Court* (1998) 63 Cal.App.4th 149, 157 [summary denial of writ petition failing to substantively address specific legal issues to be challenged]; *Joyce G. v. Superior Court* (1995) 38 Cal.App.4th 1501, 1506 [writ petition that fails to tender an arguable issue subject to summary denial " 'on the merits' "].)

## DISPOSITION

The petition is denied.  The request for stay is denied.

McCONNELL, P. J.

WE CONCUR:

BUCHANAN, J.

KELETY, J.